Gregory J. Kuykendall, Bar # 012508
Alyssa Dormer, Bar # 038617
KUYKENDALL & ASSOCIATES
531 S Convent Ave
Tucson, AZ 85701
Tel: (520) 792-8033
greg@kuykendall-law.com
alyssa@kuykendall-law.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Hamidreza ESMAEILI, | )<br>) Case No. |
| Petitioner, | )<br>) |
| v. | )<br>) |
| JOHN CANTU, Immigration and Customs Enforcement Phoenix Field Office Director, and TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement, and LUIS ROSA, JR. Warden, Central Arizona Florence Correctional Complex., and PAMELA BONDI, U.S. Attorney General KRISTI NOEM, U.S. Secretary of Homeland Security, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Respondents. | ) |

**EMERGENCY COMPLAINT FOR INJUNCTIVE RELIEF**

**<u>INTRODUCTION</u>**

1. This is an emergency complaint accompanied by a request for a temporary restraining order against the removal of Petitioner from the United States before his Board of Immigration Appeals (BIA) case is heard.

2. Petitioner is a gay, non-Muslim man who fled persecution on account of his sexual orientation in the Islamic Republic of Iran.

3. Petitioner is in a long-term sexual and romantic relationship with another man. Petitioner was arrested by the Iran Revolutionary Guard Corps (IRGC) during a private and intimate encounter with his male partner.

4. In Iran, Petitioner was charged with "sodomy" because he is a gay man which is punishable by execution.

5. Petitioner is not a Muslim and does not follow Muslim religious customs, a crime also punishable by execution in Iran. Petitioner had renounced Islam.

6. Fearing for his life, and that he would be subjected to torture or execution, Petitioner fled Iran.

7. Petitioner entered the United States on or about January 5, 2025.

8. Petitioner filed a *pro se* I-589 from detention. His application was denied by the Immigration Judge on April 30, 2025 for reasons that Petitioner claims are procedurally and substantively erroneous.

9. Shortly after Petitioner's order of deportation, Petitioner contacted Attorney Julie Kennedy. Ms. Kennedy entered her appearance before the Immigration Court on May 20, 2025. Ms. Kennedy provided ineffective assistance of counsel repeatedly incorrectly advising him on his options to challenge his removal order and sending her client a *pro se* packet to file a *pro se* motion to reopen.

10. Petitioner filed a *pro se* motion to reopen. This motion was denied.

11. In late October 2025, Petitioner was introduced to Counsel, Ms. Rebekah Wolf. Petitioner worked diligently with Ms. Wolf to file an appeal before the BIA as soon as he was made aware of his previous counsel's culpable error.

12. The Petitioner, through Ms. Rebekah Wolf, filed a Motion to Accept Untimely Filing due to Ineffective Assistance of Counsel, Notice of Appeal from a Decision of an Immigration, and an Emergency Motion to Stay Removal before the BIA on November 24, 2025.

13. As of the writing of this Complaint, the Motion to Accept Untimely Filing is still pending.

14. ICE has informed Petitioner that, despite his pending Motion to Accept Untimely Filing and pending BIA appeal, Respondents intend to deport him amongst other individuals to Iran on or around Sunday, December 7th. The

only discernable commonality between these individuals made known to the Petitioner is their Iranian nationality.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).

2. Pursuant to Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493- 500 (1973), venue lies in the United States District Court for Arizona, the judicial district in which Petitioner is currently detained;

3. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the District of Arizona, including Petitioner's ongoing detention.

## PARTIES AND FACTS ALLEGED

1. The Petitioner is a gay, non-Muslim man.

2. Respondent John Cantu is the Phoenix Field Office Director for U.S. Immigration and Customs Enforcement.

3. Respondent Francisco Burrolla is the Arizona Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement.

4. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

5. Respondent Luis Rosa, Jr. is the Warden of Central Arizona Florence Correctional Complex.

6. Respondent Pamela Bondi is the U.S. Attorney General.

7. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

8. All respondents are named in their official capacities.

9. Petitioner is an Iranian national with a pending BIA appeal of HIS application for Asylum, Withholding of Removal, and relief under the Convention Against Torture. He has been in custody since he arrived in the United States.

10. On information and belief, Petitioner is currently in custody in the District of Arizona, and one or more of the Respondents is his immediate custodian.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Violation of the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), codified at 8 U.S.C. § 1231(b)(3)(A)**

1. FARRA prohibits the government from returning a noncitizen to a country where "the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A).

2. Respondent's removal of Petitioner violates FARRA because it does not provide adequate safeguards to ensure that Petitioner is not returned to a country where it is more likely than not that his life or freedom would be threatened because of his membership in the particular social group "gay Iranian men" and his non-Muslim religion. That removal of Petitioner violates FARRA is *prima facie* clear from the IRGC "sodomy" complaints made against him. As a result, Respondent's actions against Petitioner is contrary to law.

## SECOND CLAIM FOR RELIEF

**Violation of Equal Protection under the Due Process Clause of the Fifth Amendment**

1. Petitioner is a national of Iran.

2. Respondents are attempting to remove individuals of Iranian nationality.

3. National origin is a protected class under the Constitution, and any policy or practice that targets a class of persons based on national origin is subject to

strict scrutiny. Accordingly, the government must show its actions are narrowly tailored to further a compelling government interest. U.S. Const. amend. XIV, § 1; Yick Wo v. Hopkins, 118 US 356, 374 (1886); Clark v. Jeter, 486 U.S. 456, 461 (1988).

4. Respondents' actions are not narrowly tailored and there is no compelling government interest that justifies their discrimination against nationals of Iran.

### THIRD CLAIM FOR RELIEF

### Violation of Due Process Under the Fifth Amendment

1. Petitioner reallages and incorporates the allegations of all previous paragraphs.

2. The Due Process Clause of the Fifth Amendment provides in relevant part that "No person shall be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

3. In denying Petitioner the right to pursue his pending appeal before the BIA, his removal to Iran violates due process.

### PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

1. Assume jurisdiction over this matter;

2. Order that Petitioner shall not be transferred outside the District of Arizona;

3. Grant a temporary restraining order to preserve the status quo pending further proceedings;

4. Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

5. Declare that Petitioner's deportation without allowing for the completion of the BIA appeal violates the right to due process under the Fifth Amendment;

6. Declare that any removal of Petitioner to Iran due to his Iranian nationality violates the Equal Protection Clause of the Fifth Amendment;

7. Declare that FARRA precludes any removal of Petitioner to Iran; and

8. Grant any further relief this Court deems just and proper.

Respectfully submitted,

/s/ Andrew Heinrich
Andrew Heinrich
Bar Number: 5925433
Supervising Attorney

Project Rousseau, Inc.
1560 Broadway, Suite 805
New York, NY 10036

Email: Andrew.Heinrich@projectrousseau.org
Phone: (917) 734-7219

*Pro Bono Counsel for Petitioner*
*Applying for Admission *Pro Hac Vice*

/s/ Gregory Kuykendall
Name: Gregory Kuykendall
Bar Number: 012508

531 S. Convent Ave.
Tucson, AZ 85701

Email: greg@kuykendall-law.com
Phone: (520) 275-1597

*In-State Counsel*

/s/ Alyssa Dormer
Name: Alyssa Dormer
Bar Number: 038617

531 S. Convent Ave.
Tucson, AZ 85701

Email: alyssa@kuykendall-law.com
Phone: (520) 792-8033

*In-State Counsel*

- 9 -

December 6th, 2025
**CERTIFICATE OF SERVICE**

I, Alyssa Dormer, do hereby certify that on December 6th, 2025, a copy of the foregoing document was delivered electronically to the United States District Court for the District of Arizona at 401 W Washington St, Phoenix, AZ 85003. This document was filed electronically through PACER and both parties are participating in PACER. Therefore, no separate service was completed.

/s/ Alyssa Dormer
Name: Alyssa Dormer
Bar Number: 038617

531 S. Convent Ave.
Tucson, AZ 85701

Email: alyssa@kuykendall-law.com
Phone: +1 (520) 792-8033

*In-State Counsel*

- 10 -