Gregory J. Kuykendall, Bar # 012508
Alyssa Dormer, Bar # 038617
KUYKENDALL & ASSOCIATES
531 S Convent Ave
Tucson, AZ 85701
Tel: (520) 792-8033
greg@kuykendall-law.com
alyssa@kuykendall-law.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Hamidreza ESMAEILI, | ) |
| Petitioner, | ) Case No. |
| | ) |
| v. | ) |
| | ) |
| JOHN CANTU, Immigration and Customs Enforcement Phoenix Field Office Director, and TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement, and LUIS ROSA, JR. Warden, Central Arizona Florence Correctional Complex., and PAMELA BONDI, U.S. Attorney General KRISTI NOEM, U.S. Secretary of Homeland Security, | ) |
| Respondents. | ) |

## PETITIONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

I. Statement of Facts and Procedural History

Petitioner is a gay, non-Muslim man who fled persecution on account of his sexual orientation in the Islamic Republic of Iran. Petitioner is in a long-term sexual and

romantic relationship with another man. Petitioner was arrested by the Iran Revolutionary Guard Corps (IRGC) during a private and intimate encounter with his male partner. In Iran, IRGC members charged[a] Petitioner with "sodomy" because he is a gay man which is punishable by execution. Fearing for his life, and that he would be subjected to torture or execution, Petitioner fled Iran.

Petitioner entered the United States on or about January 5th, 2025. Petitioner filed a pro se I-589 from detention. His application was denied by the Immigration Judge for reasons that Petitioner claims are procedurally and substantively erroneous.

Shortly after Petitioner's order of deportation, Petitioner contacted Attorney Julie Kennedy. Ms. Kennedy entered her appearance before the Immigration Court on May 20, 2025. Ms. Kennedy provided ineffective assistance of counsel repeatedly incorrectly advising him on his options to challenge his removal order and sending her client a pro se packet to file a pro se motion to reopen. Petitioner filed a pro se motion to reopen. This motion was denied.

In late October 2025, Petitioner was introduced to Counsel, Ms. Rebekah Wolf. Petitioner worked diligently with Ms. Wolf to file an appeal before the BIA as

- 2 -

soon as he was made aware of his previous counsel's culpable error. The Petitioner, through Ms. Rebekah Wolf, filed a Motion to Accept Untimely Filing due to Ineffective Assistance of Counsel, Notice of Appeal from a Decision of an Immigration, and an Emergency Motion to Stay Removal before the BIA on November 24, 2025.

As of the writing of this Complaint, the Motion to Accept Untimely Filing is still pending.

ICE has informed Petitioner that, despite his pending BIA appeal, Respondents intend to deport him amongst other individuals to Iran on or around Sunday, December 7th. The only discernable commonality between these individuals made known to the Petitioner is their Iranian nationality.

Petitioner fears torture and execution if returned to Iran on account of his membership in the particular social group: "gay Iranian men". It is more likely than not that Petitioner's life or freedom would be threatened because of his sexuality and his non-Muslim religion if he was returned to the Islamic Republic of Iran.

II.    Legal Standard

- 3 -

Plaintiff is entitled to a temporary restraining order where they establish that they are "likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order standards are "substantially identical"). Even if Plaintiff does not show a likelihood of success on the merits, the Court may still grant a temporary restraining order if they raise "serious questions" as to the merits of their claims, the balance of hardships tip "sharply" in their favor, and the remaining equitable factors are satisfied. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011). As set forth in more detail below, Plaintiff overwhelmingly satisfies both standards.

III.   Argument

        **A.**   **Plaintiff Warrants a Temporary Restraining Order**

A temporary restraining order should be issued if "immediate and irreparable injury, loss, or irreversible damage will result" to the applicant in the absence of an order. Fed. R. Civ. P. 65(b). The purpose of a temporary restraining order is to

- 4 -

prevent irreparable harm before a preliminary injunction hearing is held. See

*Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers Local No. 70 of Alameda City,* 415 U.S. 423, 439 (1974).

As explained above, Respondents' plan to remove the Petitioner to Iran without hearing the pending appeal before the BIA. Petitioner fears torture and execution if returned to Iran on account of his membership in the particular social group: "gay Iranian men" and non-Muslim religion. It is more likely than not that Petitioner's life or freedom would be threatened because of his sexuality and non-Muslim religion if he was returned to the Islamic Republic of Iran.

**Plaintiff is Likely to Succeed on the Merits of His Claims that Defendants' Actions Violate the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), Due Process, and the Fifth Amendment.**

Respondents' removal of Petitioner violates the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA") that prohibits the government from returning a noncitizen to a country where their life or freedom would be threatened because of their race, religion, nationality, membership in a particular social group, or political opinion. It is more likely than not that in the Islamic Republic of Iran

- 5 -

the Petitioner's life or freedom would be threatened because of his sexuality and non-Muslim religion.

The only discernable commonality between the individuals that ICE alleges to plan to deport on Sunday, December 7th is their Iranian nationality. National origin is a protected class under the Constitution. Respondents' actions are not narrowly tailored and there is no compelling government interest that justifies their discrimination against nationals of Iran.

In denying Petitioner the right to pursue his pending appeal before the BIA to prevent the deprivation of his life and liberty in Iran, Respondents violate due process under the Fifth Amendment.

### 1.  Plaintiff Will Suffer Irreparable Harm Absent Injunctive Relief

Petitioner has been charged by members of the IRGC in Iran with crimes of sodomy because he is in a romantic and intimate relationship with another man and does not follow Muslim religious customs. Sodomy is punishable by execution in Iran.

- 6 -

Petitioner fears torture and execution if returned to Iran on account of his sexuality, failure to adhere to Sharia law, and non-Muslim religion.

**2.      The Balance of Equities and the Public Interest Favor Granting the Temporary Restraining Order**

The balance of equities and the public interest undoubtedly favor granting this temporary restraining order.

First, the balance of hardships strongly favors Plaintiff. The government cannot suffer harm from an injunction that prevents it from engaging in an unlawful practice. See *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("[T]he INS cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations."). Plaintiff is an Iranian citizen who has followed the letter of the law in litigating his asylum application before an Immigration Judge and the Board of Immigration Appeals.  His order of removal is not final and, if he were removed to Iran, the U.S. government would do so in blatant violation of law, and Plaintiff's constitutional rights. Therefore, the government cannot allege harm arising from a temporary restraining order or

- 7 -

preliminary injunction ordering it to comply with Title 8 of the U.S. Code and the Constitution.

Further, any purported burden imposed by requiring Defendants to refrain from taking further unlawful enforcement action against Plaintiff is, at most, de minimis and clearly outweighed by the substantial harm Plaintiff will suffer as long as they continue to be subjected to the very real possibility of further unlawful enforcement action. See *Lopez v. Heckler,* 713 F.2d 1432, 1437 (9th Cir. 1983) ("Society's interest lies on the side of affording fair procedures to all persons, even though the expenditure of governmental funds is required.").

Finally, a temporary restraining order is in the public interest. First and most importantly, "it would not be equitable or in the public's interest to allow [a party] . . . to violate the requirements of federal law, especially when there are no adequate remedies available." *Ariz. Dream Act Coal. v. Brewer,* 757 F.3d 1053, 1069 (9th Cir. 2014) (quoting *Valle del Sol Inc. v. Whiting,* 732 F.3d 1006, 1029 (9th Cir. 2013)). If a temporary restraining order is not entered, the government would effectively be granted permission to take unlawful and unconstitutional enforcement action against Plaintiff based on their unlawful SEVIS termination. "The public interest and the balance of the equities favor 'prevent[ing] the

violation of a party's constitutional rights.'" *Ariz. Dream Act Coal.,* 757 F.3d at 1069 (quoting *Melendres v. Arpaio,* 695 F.3d 990, 1002 (9th Cir. 2012)); see also *Hernandez v. Sessions,* 872 F.3d 976 (9th Cir. 2017) ("The public interest benefits from an injunction that ensures that individuals are not deprived of their liberty and held in immigration detention. . ."); cf. *Preminger v. Principi,* 422 F.3d 815, 826 (9th Cir. 2005) ("Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.").

Therefore, the public interest overwhelmingly favors entering a temporary restraining order and preliminary injunction.

**3.      Plaintiff has Complied with the Requirements of Rule 65, Fed.R.Civ.P.**

Finally, as set forth supra, Plaintiff asks this Court to find that they have complied with the requirements of Rule 65, Fed.R.Civ.P., for the purposes of granting a temporary restraining order.  Pursuant to Rule 65(b)(1), this Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if a) specific facts in an affidavit . . . clearly show that immediate and

- 9 -

irreparable injury, loss or damage will result to the plaintiff before the adverse party can be heard in opposition; and 2) the plaintiff's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Here, Plaintiff respectfully submits that sufficient notice has actually been given to Respondents since the Chief of the Civil Division of the United States Attorney's Office has been provided with a copy of the instant motion. *See* Exhibit A, Letter from Matthew H. Green to Katherine Branch dated December 6, 2025.  The U.S. Attorney's Office represents Defendants in civil litigation in which they are named as defendants.  While proper service may not have been made on Defendant's counsel, for the purpose of Rule 65(b)(1), this Court should find that written notice has, in fact, been provided to the adverse party.  In the event this Court finds that not to be the case, it should nevertheless find that the requirements of Rule 65(b)(1)(A) and (B) have been met. *See* Exhibit B, Declaration of Matthew H. Green.

Rule 65(c) also states that the court may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.  Under the particular

- 10 -

circumstances of this case, however, Plaintiff respectfully asks this Court to find that such a requirement is unnecessary, since an order requiring Defendants to refrain from arresting, detaining, or transferring Plaintiff, and/or to refrain from giving Defendant's unlawful actions legal effect, should not result in any conceivable financial damages to Defendants.

IV.    Conclusion and Prayer for Relief

For all the above reasons, this Court should find that Plaintiff warrants a temporary restraining order and a preliminary injunction.

Specifically, Plaintiff requests this Court to enter the following findings and orders:

1. Grant summary judgment pursuant to Fed. R. Civ. P. 65(b), as the undisputed material facts entitles Petitioner to a temporary restraining order enjoining Respondents from removing Petitioner from Arizona until the claims raised in the complaint are resolved by the Court.

2.

Respectfully submitted,

/s/ Andrew Heinrich
Andrew Heinrich
Bar Number: 5925433

- 11 -

Supervising Attorney

Project Rousseau, Inc.
1560 Broadway, Suite 805
New York, NY 10036

Email: Andrew.Heinrich@projectrousseau.org
Phone: (917) 734-7219

*Pro Bono Counsel for Petitioner*
*Applying for Admission *Pro Hac Vice*

/s/ Gregory Kuykendall
Name: Gregory Kuykendall
Bar Number: 012508

531 S. Convent Ave.
Tucson, AZ 85701

Email: greg@kuykendall-law.com
Phone: (520) 275-1597

*In-State Counsel*

/s/ Alyssa Dormer
Name: Alyssa Dormer
Bar Number: 038617

531 S. Convent Ave.
Tucson, AZ 85701

Email: alyssa@kuykendall-law.com
Phone: (520) 792-8033

*In-State Counsel*

- 12 -